**IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOSHUA DYAL, CHRISTOPHER POPP, | ) | |
| JASON PANICO, RICHARD WEBER, | ) | |
| ROBERT WEICHMANN, and DEAN ZERVAS, | ) | |
| | ) | Case No. |
| Plaintiffs, | ) | |
| | ) | |
| PIRTANO CONSTRUCTION, INC., | ) | |
| INSTALLATION PROFESSIONAL, L.L.C., | ) | |
| MIKE PIRAINO JOE PANTANO, JACK HORN, | ) | |
| MIKE MONROE, COMCAST CORPORATION, | ) | |
| and COMCAST CABLE COMMUNICATIONS | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs JOSHUA DYAL (hereinafter "Dyal"), CHRISTOPHER POPP (hereinafter "Popp"), JASON PANICO (hereinafter "Panico"), RICHARD WEBER (hereinafter "Weber"), ROBERT WEICHMANN (hereinafter "Weichmann"), and DEAN ZERVAS (hereinafter "Zervas"), collectively referred to as "Plaintiffs," by and through their attorneys, ANCEL, GLINK, DIAMOND, BUSH, DiCIANNI, AND KRAFTHEFER, P.C., hereby complain against the DEFENDANTS, PIRTANO CONSTRUCTION, INC., INSTALLATION PROFESSIONAL, L.L.C., MIKE PIRAINO, JOE PANTANO, JACK HORN, and MIKE MONROE, as follows:

**Nature of the Case**

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers…" 29 U.S.C. §202(a).    To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay,

minimum wage, and record keeping requirements for covered employees. 29 U.S.C. §§206(a), 206(g), 207(a), and 211(c).

2.     Defendants violated the FLSA by failing to pay Plaintiffs for all hours worked at their regular rates of pay, and for failing to pay Plaintiffs at least one and one-half times their regular rates of pay for hours worked in excess of forty (40) hour per each seven (7) day workweek.

3.     Plaintiffs bring this action pursuant to 29 U.S.C. §216(b), the Illinois Wage Payment and Collection Act, 820 ILCS 115 *et seq.*, Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 *et seq.*, in order to recover unpaid wages, unpaid overtime, and improper wage deductions.

## Jurisdiction

4.     This Court has subject matter jurisdiction over Plaintiffs' FLSA claim(s) by reason of 28 U.S.C §1331 ("federal question").

5.     This Court has subject matter jurisdiction over Plaintiffs' Illinois Wage Payment and Collection Act claim(s) by reason of 29 U.S.C. §1367 ("Supplemental jurisdiction").

6.     This Court has *in personam* jurisdiction over Defendants, both general and specific, because Plaintiffs' claims arose in Illinois and because Defendants are amendable to service by this Court.

## Venue

7.     Venue is proper in this judicial district because a substantial part of the events forming the basis of Plaintiffs' claims for relief occurred there, 28 U.S.C. §1391(b)(2).

**Parties**

8.      All Plaintiffs are residents of McHenry County, Illinois.  All Plaintiffs were employed as technicians by Defendants, in the state of Illinois, within the meaning of the FLSA within the three (3) year period preceding the filing of this action.  All Plaintiffs regularly worked in excess of forty (40) hours per week.  However, all Plaintiffs were not paid for all hours worked at their regular rate of pay and/or they did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

9.      Defendant PirTano Construction Company, Inc., is an Illinois corporation with its principal place of business at 1766 Armitage Ct., Addison, IL 60101.

10.      Defendant Installation Professionals, L.L.C., is an Illinois limited liability company that may be served with process by serving its registered agent, Charles C. Snyder, at 2803 Butterfield Rd. #380, Oak Brook, IL 60523.   Upon information and belief, Installation Professionals, L.L.C. maintains its principal place of business at 1766 Armitage Ct., Addison, IL 60101.

11.      Defendants Comcast Cable Communications Management, L.L.C. and Comcast Corporation are providers of cable, telephone, and internet products and services in the state of Illinois.

12.      Defendant Mike Piraino is the president of PirTano Construction Company, Inc. and Installation Professionals, L.L.C. and is an individual who may be served with process at 1766 Armitage Ct., Addison, IL 60101, or wherever he may be found.

3

13.     Defendant Joe Pantano is the vice-president of PirTano Construction Company, Inc. and Installation Professionals, L.L.C. and is an individual who may be served with process at 1766 Armitage Ct., Addison, IL 60101, or wherever he may be found.

14.     Defendant Jack Horn is the treasurer of PirTano Construction Company, Inc. and Installation Professionals, L.L.C. and is an individual who may be served with process at 1766 Armitage Ct., Addison, IL 60101, or wherever he may be found.

15.     Defendant Mike Monroe is a manager at Installation Professionals, L.L.C. and is an individual who may be served with process at 1766 Armitage Ct., Addison, IL 60101, or wherever he may be found.

16.     Whenever in this Complaint it is alleged that Defendants committed an act or omission, it is meant that the Defendants' officer, directors, vice-principals, agents, servants, or employees committed such an act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officer, directors, vice-principals, agents, servants, or employees

17.     Defendants are in the business of installing and servicing cable television, internet, and telephone services in the State of Illinois.  Defendants Comcast Corporation and Comcast Cable Communications Management, L.L.C. employed the services of PirTano Construction Company and Installation Professionals on a contractual basis for the purposes of PirTano Construction and Installation Professionals installing, repairing, and maintaining Comcast Corporation and Comcast Cable Communications Management's equipment as well as servicing their customers. Defendants PirTano Construction and Installation Professionals, as well as Defendants Piraino,

4

Pantano, and Horn as officers and agents of Defendants PirTano Construction and Installation Professionals, in turn employed Plaintiffs to perform this work and classified them and other employees as "independent contractors."

18.     At all relevant times, Defendants Piraino, Pantano, and Horn were acting directly or indirectly in the interest of Defendants PirTano Construction, Installation Professionals, Comcast Corporation, and Comcast Cable Communications Management, in relation to the employment of Plaintiffs and were employers under Section 203(d) of the FLSA. 29 UCS §203 (d).

19.     All named Defendants are joint employers of the Plaintiffs.  In support of the Defendants' joint employer status, Plaintiffs allege as follows:

    a. Comcast contracted Plaintiffs' services through PirTano Construction and Installation Professionals;

    b. Customers serviced by PirTano Construction and Installation Professionals are Comcast customers;

    c. PirTano and Installation Professionals only make contact with customers upon the direction of Comcast;

    d. PirTano Construction and Installation Professionals received work orders from Comcast and those work orders were then passed on to Plaintiffs and other similarly situated employees;

    e. Comcast, PirTano Construction, and Installation Professionals determined the services to be provided by Plaintiffs as well as maintained rules standards regarding the level of services provided to customers, the tools and supplies to be used, and the type of services provided to Comcast customers;

    f. Plaintiffs wore uniforms bearing the name "Comcast" and were required to drive work trucks or vehicles with Comcast signage on them; and

    g. Plaintiffs were further required to wear Comcast Identification badges.

**Facts Common to All Parties**

20.     Plaintiffs were employed by Defendants as installers/technicians.

21.     Defendants are joint employers of Plaintiffs.

22.     Defendants managed Plaintiffs' work, including the amount of hours worked. Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

23.     Plaintiffs were improperly classified by Defendants as independent contractors and were paid a piece rate contingent on the amount of installations and/or service calls completed by each technician. At all times, Defendants maintained supervisory authority over the named Plaintiffs.

24.     Based on information and belief, beginning in or around 2011, the Defendants reclassified its technicians from subcontractors or independent contractors to employees.

25.     Upon information and belief, beginning in or around 2011, technicians were reclassified by Defendants as non-exempt employees under FLSA and Illinois state wage and hour laws and purportedly paid an hourly rate.

26.     Throughout the course of Plaintiffs' employment with Defendants, Defendants improperly deducted monies from wages of Plaintiffs including but not limited to charges for insurance, meter rental, uniforms, tools, and other equipment and work errors/charge backs, amongst other things.  These improper deductions were not repaid to the Plaintiffs, even upon or after separation.

27.     Every workday morning, the Plaintiffs would report to the warehouse, get their work order routes, and/or in some instances throughout various times during their workdays, to pick up supplies and then to customers' homes to install or service cable television and other services and complete their work orders. Defendants provided Plaintiffs with work orders through their phones via Technet on a daily basis. Technet is a Comcast routing system.  At the end of each job, the Plaintiffs were required to close out the job and inform Defendants that the job had been completed.  The Plaintiffs were then compensated on a piece-meal rate based upon the work performed.

28.     Defendants suffered and permitted the named Plaintiffs, and other employees, to regularly work more than 40 hours per week without proper straight time and overtime compensation.

29.     The named Plaintiffs, as well as other employees, routinely worked in excess of eight hours per day, five to six days per week.

30.     Defendants failed to keep proper and accurate records of the hours Plaintiffs worked for Defendants and in some instances, altered the records detailing the hours that Plaintiffs worked, including those hours spent driving to and from the homes or businesses of customers.

31.     Defendants failed to pay the named Plaintiffs, as well as other employees, for all hours actually worked at the proper straight time rate and overtime rate, or a rate of one and one half times the employee's regular hourly straight-time rate.

32.     The Defendants knew or should have known that the conduct alleged above reduced its labor and payroll costs.

33.     The named Plaintiffs were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of their true and correct straight time wages and overtime compensation and to reduce their wages through improper deductions. As a result of Defendants' improper and willful failure to pay the Plaintiffs in accordance with the requirements of Illinois and federal wage and hour laws, the named Plaintiffs suffered lost wage and other damages.

34.     Defendants paid the Plaintiffs at a piece-rate for each task completed on their work order without regard to the number of hours worked.  In some cases, when the employees were paid at what was identified as a "regular rate" of pay as well as the "overtime rate" of pay, their rate of pay was not in compliance with the requirements of the Fair Labor Standards Act.

35.     Plaintiffs, as part of their normal work duties, performed improvement on real property by, among other things, installing permanent cable through and within walls that is integrated into a system that is used for Comcast cable services.

36.     Plaintiffs performed work for Defendants that is not outside the usual course of services performed by Defendants.

**Statutory Sections Applicable to All Parties**

37.     Section 2 of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/2, defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties …"

38. Section 4 of the IWPCA, 820 ILCS § 115/4, provides that every employer shall pay, "All wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."

39. Section 5 of the IWPCA, 820 ILCS § 115/5, provides that, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

40. The Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 *et seq.*, requires employers to pay employees minimum wages for all hours worked.

41. Section 105/4(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week.

42. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

43. At any and all times relevant hereto, Defendants were each an "enterprise engaged in commerce" within the meaning of Sec. 3(s) of the FLSA, 29 U.S.C. 203 (s).

44. At any and all times relevant hereto, Defendants were each an "employer" within the meaning of Sec. 3(d), 29 U.S.C. 203(d).

45. At any and all times relevant hereto, Plaintiff Dyal was an "employee" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. 203(e).

## COUNT I

**DEFENDANTS COMPENSATION PRACTICES INTENTIONALLY VIOLATED PLAINTIFF DYAL'S RIGHTS AS PROVIDED BY THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT. (820 ILCS §§115 *et seq.*).**

46.     Plaintiff Dyal re-alleges and incorporates the foregoing paragraphs 1 through 45 as though fully set forth herein.

47.     From about June 25, 2010, through about October 21, 2011, Plaintiff Dyal was employed by Defendants as an installer/technician.

48.     Plaintiff Dyal was responsible for performing work, on behalf of Defendants, for Comcast Cable (television, internet, and phone service) in Chicago and the surrounding suburbs and communities.

49.     Plaintiff Dyal regularly worked in excess of forty (40) hours per week.

50.     Defendants failed to accurately record Plaintiff Dyal's time.  Defendants failed to pay Plaintiff Dyal for travel to different jobs and for waiting.

51.      Defendants violated the IWPCA when they improperly deducted wages from Plaintiff Dyal's pay for improper charges, including but not limited to charges for equipment usage or rental, charge-backs for certain work being unable to be completed, uniforms, identification badges, and other similar improper deductions.

52.     Defendants violated the IWPCA by regularly and repeatedly failing to properly compensate Plaintiff Dyal for the actual time he worked each week.

53.     Defendants also willfully failed to pay overtime pay and other benefits to the Plaintiff Dyal.

54.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Dyal has suffered lost wages and other damages.

## COUNT II

### DEFENDENTS VIOLATIED THE ILLINOIS MINIMUM WAGE LAW (820 ILCS §§105 et seq.) WHEN THEY FAILED TO PAY PLAINTIFF DYAL

55.     Plaintiff Dyal re-alleges and incorporates the foregoing paragraphs 1 through 54 as though fully set forth herein.

56.     Defendants violated IMWL, 820 ILCS §§105 *et seq.*, by regularly and repeatedly failing to properly compensate Plaintiff Dyal for the actual time he worked each week.

57.     Defendants violated IMWL, 820 ILCS §105 *et seq.*, by failing to maintain accurate records of all hours worked by Plaintiff Dyal.

58.     Defendants also failed to pay overtime pay and other benefits to Plaintiff Dyal.

59.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Dyal has suffered lost wages and other damages.

60.     Plaintiff Dyal is also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief.

## COUNT III

### DEFENDANTS INTENTIONALLY FAILED TO PAY THE CORRECT REGULAR RATE OF PAY AND OVERTIME RATE OF PAY SO AS TO DEPRIVE PLAINTIFF DYAL TO WAGES TO WHICH HE WAS LEGALLY ENTITLED IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, (29 U.S.C. 201 et seq.).

61.     Plaintiff Dyal re-alleges and incorporates the foregoing paragraphs 1 through 60 as though fully set forth herein.

62.     Plaintiff Dyal asserts claims for unpaid overtime pursuant to 29 U.S.C. 201 et seq., commonly known as the Fair Labor Standards Act (hereinafter, "FLSA").

63.     Plaintiff Dyal was responsible for performing work, on behalf of Defendants, for Comcast Cable (television, internet, and phone service) in Chicago and the surrounding suburbs and communities.

64.     Plaintiff Dyal regularly worked in excess of forty (40) hours per week.

65.     Defendants failed to pay Plaintiff Dyal at his regular rates of pay for all hours worked and/or one and one-half times his regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek as required by the FLSA. Defendants failure to appropriately pay Plaintiff Dyal for all hours worked in excess of 40 in a week is a violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

66.     Defendants violated Section 778.111(a) of the FLSA, 29 C.F.R. 778.111(a), when they paid their employees at a piece-rate without regards to the number of hours worked.

67.     At all times relevant hereto the action of Defendants to not pay overtime pay for all hours worked over 40 in a week was willful in that among other things:

      a. Defendants knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week;

      b. Defendants' intentional conduct is highlighted by their change in the manner in which employees were classified by changing them from subcontractors or independent contractors to employees; and

      c. Defendants failed to maintain true and accurate records of all time worked by Plaintiff Dyal.

68.     Defendants' illegal pattern or practice with respect to compensation, plus their failure to maintain accurate time records, as well as certain unlawful deductions made by them are all direct violations of the FLSA.

69.     Defendants can cite no exemption, which is their burden to do, for failing to pay Plaintiff Dyal at his regular rates for all hours worked and at his proper overtime rate of time and one-half for all hours worked in excess of forty (40).

70.     Defendants have not made a good faith effort to comply with the FLSA.

71.     Rather, Defendants knowingly, willfully, and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff Dyal.

72.     As a direct and proximate result thereof, Plaintiff Dyal is due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. 216.

<u>**PLAINITFF DYAL'S PRAYER FOR RELIEF AS IT RELATES**</u>
<u>**TO WAGE AND HOUR CLAIMS**</u>

WHEREFORE, the Plaintiff Dyal, by and through his attorneys, demand judgment against the Defendants and in favor of the Plaintiff Dyal for a sum that will properly, adequately and completely compensate Plaintiff Dyal for the nature, extent and duration of his damages, the costs of this action and as follows:

A.  Declare and find that the Defendants committed one or more of the following acts:

   i.   Violated provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq., by withholding wages for improper charges;

    ii.    Violated overtime provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq., the Illinois Minimum Wage Law, 820 ILCS §105 et seq. by failing to pay overtime wages to Plaintiff Dyal;

    iii.    Willfully violated the Employee Classification Act, 820 ILCS 185/1 et seq., by treating Plaintiff and class members as independent contractors; and

    iv.    Willfully violated overtime provisions of the Fair Labor Standards Act with regards to claims brought by Plaintiff Dyal.

B.  Award compensatory damages, including all overtime pay owed and wrongful deductions made, in an amount according to proof;

C.  Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

D.  Award liquidated damages on all overtime compensation due to Plaintiff Dyal as pled in Count IV brought under the FLSA;

E.  Award liquidated damages on the amount of wages, employment benefits and other compensation denied or lost by reason of the Employee Classification violation pursuant to 820 ILCS 185/60(1);

F.  Award compensatory damages and an amount up to $500.00 for each violation of the Employee Classification Act pursuant to 820 ILCS 185/60(2);

G.  Award all costs and reasonable attorney's fees incurred prosecuting this claim pursuant to the Illinois Minimum Wage Act, and the Illinois Employee Classification Act; and

H.  For such further relief as the Court deems just and equitable.

14

## COUNT IV

**PLAINTIFF JOSH DYAL WAS TERMINATED FROM HIS EMPLOYMENT WITH DEFENDANTS IN VIOLATION OF UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT ("USERRA"), 38 U.S.C. §§4301-4333.**

73.     Plaintiff Dyal re-alleges and incorporates the foregoing paragraphs 1 through 72 as though fully set forth herein.

74.     Count IV of this complaint arises under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§4301-4333. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3) and 28 U.S.C. §1367(a). Venue is proper because the Defendants, Plaintiff Dyal's former employers, maintains a place of business in this district, as provided in 38 U.S.C §4323(c)(2).

75.     During the course of his employment with defendants, Plaintiff Dyal performed each and every condition and covenant required on his part to be performed pursuant to said employment agreement and in particular was continuously employed by defendant from on or about June 25, 2010, to on or about October 21, 2011.

76.     At all times relevant herein, Plaintiff Dyal was a reservist with the U.S. Army.

77.     At all times relevant herein, Defendants were aware that Plaintiff Dyal was a member of the Army Reserves

78.     After accepting its offer of employment, Plaintiff Dyal began working for Defendants as a technician on or about _June 25, 2010.

79.     During numerous times throughout his employment, Plaintiff Dyal was required to attend mandatory training as part of his fulfillment of his military contract. The dates upon which these mandatory training classes were held were as follows:

a.   Multiple instances throughout 2010;

b.   January 22, 2011, through January 23, 2011;

c.   February 26, 2011, through February 27, 2011;

d.   May 7, 2011, through May 8, 2011;

e.   July 9, 2011, through July 22, 2011;

f.   July 22, 2011, through July 24, 2011;

g.   August 13, 2011, through August 16, 2011;

h.   September 16, 2011, through September 18, 2011;

i.   September 27, 2011;

j.   October 15, 2011, through October 16, 2011; and

k.   Other times throughout 2010 and 2011.

80.     After receiving his orders to attend military training course, Plaintiff Dyal immediately orally notified his work superiors at Defendants Installation Professionals, including Defendant Horn, of his need to attend this training.

81. Plaintiff Dyal was then informed by a manager named Brian, who was supervised by Mike Monroe, another manager at Installation Professionals, that his leave would be approved. Prior to October, 2011, his requests for military leave were approved, without incident and without any requirement to make a written request.

82. In September 2011, Plaintiff Dyal notified Defendants Installation Professionals, Mike Monroe, Manager Brian, and Horn that he had a military training that he was required to attend in both September and October, 2011..

83. Upon his return from his military leave in or about September or October, 2011, Plaintiff Dyal was told by Mike Monroe that his leave was disapproved because he failed to make a request in writing.

84. For his prior military trainings, Plaintiff Dyal was not required to make his requests in writing. He was only required to submit his request orally.

85. Less than thirty (30) days after Plaintiff Dyal was told that he was required to submit written military leave requests, he was terminated for insubordination.

86. The reason for Plaintiff Dyal's termination, which was allegedly insubordination, was a pretext for the real reason for his termination, which was his taking of military training leave.

87. The Uniformed Services Employment and Reemployment Rights Act ("USERRA") (38 U.S.C. §§4301-4333) prohibits discrimination in employment against individuals who have been called to duty in the uniformed services.

88.     Defendants' motive in terminating Plaintiff Dyal's employment was his participation in Army Reserve duty which constitutes a violation of USERRA.  Defendants also violated USERRA by terminating plaintiff's employment without just cause less than 180 days after his return to work after completing his military training duty.

89.     As a direct and proximate result of the conduct of defendants as set forth in this count, Plaintiff Dyal has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, all to his damage in the amount of $250,000.00.

90.     Plaintiff Dyal alleges such violations of USERRA were willful and requests liquidated damages pursuant to 38 U.S.C. §4323(d)(1)(C).

91.     Pursuant to 38 U.S.C. §4323(h), Plaintiff Dyal further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

## COUNT V

**DEFENDANTS COMPENSATION PRACTICES INTENTIONALLY VIOLATED PLAINTIFF POPP'S RIGHTS AS PROVIDED BY THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT. (820 ILCS §§115 *et seq.*).**

92.     Plaintiff Popp re-alleges and incorporates the foregoing paragraphs 1 through 45 as though fully set forth herein.

93.     From April 19, 2010, through about July 6, 2012, Plaintiff Christopher Popp was employed by Defendants as an installer/technician.

94.     Plaintiff Popp was responsible for performing work, on behalf of Defendants, for Comcast Cable (television, internet, and phone service) in Chicago and the surrounding suburbs and communities.

95.     Plaintiff Popp regularly worked in excess of forty (40) hours per week.

96.     Defendants failed to accurately record Plaintiff Popp's time.  Defendants failed to pay Plaintiff Popp for travel to different jobs and for waiting.

97.     Defendants violated the IWPCA when they improperly deducted wages from Plaintiff Popp's pay for improper charges, including but not limited to charges for equipment usage or rental, charge-backs for certain work being unable to be completed, uniforms, identification badges, and other similar improper deductions.

98.     Defendants violated the IWPCA by regularly and repeatedly failing to properly compensate Plaintiff Popp for the actual time he worked each week.

99.     Defendants also willfully failed to pay overtime pay and other benefits to the Plaintiff Popp.

100.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Popp has suffered lost wages and other damages.

101.    Plaintiff Popp is also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate relief.

## **COUNT VI**

**DEFENDENTS VIOLATIED THE ILLINOIS MINIMUM WAGE LAW (820 ILCS §§105 et seq.) WHEN THEY FAILED TO PAY PLAINTIFF POPP**

102.    Plaintiff Popp re-alleges and incorporates the foregoing paragraphs 1 through 45 and 92 through 101 as though fully set forth herein.

103.   The Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 et seq., requires employers to pay employees minimum wages for all hours worked.

104.   Section 105/4(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week.

105.   Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

106.   Defendants violated IMWL, 820 ILCS §§105 et seq., by regularly and repeatedly failing to properly compensate Plaintiff Popp for the actual time he worked each week.

107.   Defendants violated IMWL, 820 ILCS §105 et seq., by failing to maintain accurate records of all hours worked by Plaintiff Popp.

108.   Defendants also failed to pay overtime pay and other benefits to Plaintiff Popp.

109.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Popp has suffered lost wages and other damages.

110.   Plaintiff Popp is also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief.

## COUNT VIII

### DEFENDANTS INTENTIONALLY FAILED TO PAY THE CORRECT REGULAR RATE OF PAY AND OVERTIME RATE OF PAY SO AS TO DEPRIVE PLAINTIFF POPP TO WAGES TO WHICH HE WAS LEGALLY ENTITLED IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, (29 U.S.C. 201 et seq.).

111.    Plaintiff Popp re-alleges and incorporates the foregoing paragraphs 1 through 45 and 92 through 110 as though fully set forth herein.

112.    Plaintiff Popp asserts claims for unpaid overtime pursuant to 29 U.S.C. 201 et seq., commonly known as the Fair Labor Standards Act (hereinafter, "FLSA").

113.    Plaintiff Popp was responsible for performing work, on behalf of Defendants, for Comcast Cable (television, internet, and phone service) in Chicago and the surrounding suburbs and communities.

114.    Plaintiff Popp regularly worked in excess of forty (40) hours per week.

115.    Defendants failed to pay Plaintiff Popp at his regular rates of pay for all hours worked and/or one and one-half times his regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek as required by the FLSA. Defendants failure to appropriately pay Plaintiff Popp for all hours worked in excess of 40 in a week is a violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

116.    Instead, Defendants paid Plaintiff Popp on a piece-rate basis without regard to the number of hours Plaintiff Popp worked during each workweek.  Defendants did this in violation of the FLSA 29 C.F.R. 778.111(a) (piece-rate workers entitled to overtime).

117.    At all times relevant hereto the action of Defendants to not pay premium pay for all hours worked over 40 in a week was willful in that among other things:

      a.    Defendants knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week;

      b.    Defendants intentional conduct is highlighted by their change in the manner in which employees were classified by changing them from subcontractors or independent contractors to employees; and

      c.    Defendants failed to maintain true and accurate records of all time worked by Plaintiff Popp.

118.    Defendants' illegal pattern or practice with respect to compensation, plus their failure to maintain accurate time records, as well as certain unlawful deductions made by them are all direct violations of the FLSA.

119.    Defendants can cite no exemption, which is their burden to do, for failing to pay Plaintiff Popp at his regular rates for all hours worked and at his proper overtime rate of time and one-half for all hours worked in excess of forty (40).

120.    Defendants have not made a good faith effort to comply with the FLSA.

121.    Rather, Defendants knowingly, willfully, and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff Popp.

122.    As a direct and proximate result thereof, Plaintiff Popp is due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. 216.

**PLAINITFF POPP'S PRAYER FOR RELIEF AS IT RELATES
TO WAGE AND HOUR CLAIMS**

WHEREFORE, the Plaintiff Popp, by and through his attorneys, demand judgment against the Defendants and in favor of the Plaintiff Popp for a sum that will properly, adequately and completely compensate Plaintiff Popp for the nature, extent and duration of his damages, the costs of this action and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

    i. Violated provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq., by withholding wages for improper charges;

    ii. Violated overtime provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq., the Illinois Minimum Wage Law, 820 ILCS §105 et seq. by failing to pay overtime wages to Plaintiff Popp;

    iii. Willfully violated the Employee Classification Act, 820 ILCS 185/1 et seq., by treating Plaintiff and class members as independent contractors; and

    iv. Willfully violated overtime provisions of the Fair Labor Standards Act with regards to claims brought by Plaintiff Popp.

B. Award compensatory damages, including all overtime pay owed and wrongful deductions made, in an amount according to proof;

C. Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

D. Award liquidated damages on all overtime compensation due to Plaintiff Popp as pled in Count IV brought under the FLSA;

E. Award liquidated damages on the amount of wages, employment benefits and other compensation denied or lost by reason of the Employee Classification violation pursuant to 820 ILCS 185/60(1);

F.  Award compensatory damages and an amount up to $500.00 for each violation of the Employee Classification Act pursuant to 820 ILCS 185/60(2);

G.  Award all costs and reasonable attorney's fees incurred prosecuting this claim pursuant to the Illinois Minimum Wage Act, and the Illinois Employee Classification Act; and

H.  For such further relief as the Court deems just and equitable.

## COUNT IX

**DEFENDANTS COMPENSATION PRACTICES INTENTIONALLY VIOLATED PLAINTIFF PANICO'S RIGHTS AS PROVIDED BY THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT. (820 ILCS §§115 *et seq.*).**

123.  Plaintiff Panico re-alleges and incorporates the foregoing paragraphs 1 through 45 as though fully set forth herein.

124.  From May, 2010, through July, 2012, Plaintiff Jason Panico was employed by Defendants as an installer/technician.

125.  Plaintiff Panico was responsible for performing work, on behalf of Defendants, for Comcast Cable (television, internet, and phone service) in Chicago and the surrounding suburbs and communities.

126.  Plaintiff Panico regularly worked in excess of forty (40) hours per week.

127.  Defendants violated the IWPCA when they improperly deducted wages from Plaintiff Panico's pay for improper charges, including but not limited to charges for equipment usage or rental, charge-backs for certain work being unable to be completed, uniforms, identification badges, and other similar improper deductions.

128. Defendants violated the IWPCA by regularly and repeatedly failing to properly compensate Plaintiff Panico for the actual time he worked each week.

129. Defendants also willfully failed to pay overtime pay and other benefits to the Plaintiff Panico.

130. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Panico has suffered lost wages and other damages.

131. Plaintiff Panico is also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate relief.

## COUNT X

**DEFENDENTS VIOLATIED THE ILLINOIS MINIMUM WAGE LAW (820 ILCS §§105 et seq.) WHEN THEY FAILED TO PAY PLAINTIFF PANICO**

132. Plaintiff Panico re-alleges and incorporates the foregoing paragraphs 1 through 45 and 123 through 131 as though fully set forth herein.

133. Defendants violated IMWL, 820 ILCS §§105 et seq., by regularly and repeatedly failing to properly compensate Plaintiff Panico for the actual time he worked each week.

134. Defendants violated IMWL, 820 ILCS §105 et seq., by failing to maintain accurate records of all hours worked by Plaintiff Panico.

135. Defendants also failed to pay overtime pay and other benefits to Plaintiff Panico.

136. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Panico has suffered lost wages and other damages.

137.    Plaintiff Panico is also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief.

## COUNT XI

**DEFENDANTS INTENTIONALLY FAILED TO PAY THE CORRECT REGULAR RATE OF PAY AND OVERTIME RATE OF PAY SO AS TO DEPRIVE PLAINTIFF PANICO TO WAGES TO WHICH HE WAS LEGALLY ENTITLED IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, (29 U.S.C. 201 et seq.).**

138.    Plaintiff Panico re-alleges and incorporates the foregoing paragraphs 1 through 45 and 123 through 137 as though fully set forth herein.

139.    Plaintiff Panico asserts claims for unpaid overtime pursuant to 29 U.S.C. 201 et seq., commonly known as the Fair Labor Standards Act (hereinafter, "FLSA").

140.    Plaintiff Panico was responsible for performing work, on behalf of Defendants, for Comcast Cable (television, internet, and phone service) in Chicago and the surrounding suburbs and communities.

141.    Plaintiff Panico regularly worked in excess of forty (40) hours per week.

142.    Defendants failed to pay Plaintiff Panico at his regular rates of pay for all hours worked and/or one and one-half times his regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek as required by the FLSA. Defendants failure to appropriately pay Plaintiff Panico for all hours worked in excess of 40 in a week is a violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

143.    Instead, Defendants paid Plaintiff Panico on a piece-rate basis without regard to the number of hours Plaintiff Panico worked during each workweek.  Defendants did this in violation of the FLSA 29 C.F.R. 778.111(a) (piece-rate workers entitled to overtime).

144.    At all times relevant hereto the action of Defendants to not pay premium pay for all hours worked over 40 in a week was willful in that among other things:

     a.  Defendants knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week;

     b.  Defendants intentional conduct is highlighted by their change in the manner in which employees were classified by changing them from subcontractors or independent contractors to employees; and

     c.  Defendants failed to maintain true and accurate records of all time worked by Plaintiff Panico.

145.    Defendants' illegal pattern or practice with respect to compensation, plus their failure to maintain accurate time records, as well as certain unlawful deductions made by them are all direct violations of the FLSA.

146.    Defendants can cite no exemption, which is their burden to do, for failing to pay Plaintiff Panico at his regular rates for all hours worked and at his proper overtime rate of time and one-half for all hours worked in excess of forty (40).

147.    Defendants have not made a good faith effort to comply with the FLSA.

148.    Rather, Defendants knowingly, willfully, and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff Panico.

149.    As a direct and proximate result thereof, Plaintiff Panico is due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. 216.

## PLAINITFF PANICO'S PRAYER FOR RELIEF AS IT RELATES TO WAGE AND HOUR CLAIMS

WHEREFORE, the Plaintiff Panico, by and through his attorneys, demand judgment against the Defendants and in favor of the Plaintiff Panico for a sum that will properly, adequately and completely compensate Plaintiff Panico for the nature, extent and duration of his damages, the costs of this action and as follows:

A.  Declare and find that the Defendants committed one or more of the following acts:

    i.  Violated provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq., by withholding wages for improper charges;

    ii.  Violated overtime provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq., the Illinois Minimum Wage Law, 820 ILCS §105 et seq. by failing to pay overtime wages to Plaintiff Panico;

    iii.  Willfully violated the Employee Classification Act, 820 ILCS 185/1 et seq., by treating Plaintiff and class members as independent contractors; and

    iv.  Willfully violated overtime provisions of the Fair Labor Standards Act with regards to claims brought by Plaintiff Panico.

B.  Award compensatory damages, including all overtime pay owed and wrongful deductions made, in an amount according to proof;

C.  Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

D.  Award liquidated damages on all overtime compensation due to Plaintiff Panico as pled in Count IV brought under the FLSA;

E. Award liquidated damages on the amount of wages, employment benefits and other compensation denied or lost by reason of the Employee Classification violation pursuant to 820 ILCS 185/60(1);

F. Award compensatory damages and an amount up to $500.00 for each violation of the Employee Classification Act pursuant to 820 ILCS 185/60(2);

G. Award all costs and reasonable attorney's fees incurred prosecuting this claim pursuant to the Illinois Minimum Wage Act, and the Illinois Employee Classification Act; and

H. For such further relief as the Court deems just and equitable.

## COUNT XII

**DEFENDANTS COMPENSATION PRACTICES INTENTIONALLY VIOLATED PLAINTIFF WEBER'S RIGHTS AS PROVIDED BY THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT. (820 ILCS §§115 *et seq.*).**

150.    Plaintiff Weber re-alleges and incorporates the foregoing paragraphs 1 through 45 as though fully set forth herein.

151.    From August 16, 2010, through August 4, 2102, Plaintiff Richard Weber was employed by Defendants as an installer/technician.

152.    Plaintiff Weber was responsible for performing work, on behalf of Defendants, for Comcast Cable (television, internet, and phone service) in Chicago and the surrounding suburbs and communities.

153.    Plaintiff Weber regularly worked in excess of forty (40) hours per week.

154.    Defendants violated the IWPCA when they improperly deducted wages from Plaintiff Weber's pay for improper charges, including but not limited to charges for equipment usage or rental, charge-backs for certain work being unable to be completed, uniforms, identification badges, and other similar improper deductions.

155.    Defendants violated the IWPCA by regularly and repeatedly failing to properly compensate Plaintiff Weber for the actual time he worked each week.

156.    Defendants also willfully failed to pay overtime pay and other benefits to the Plaintiff Weber.

157.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Weber has suffered lost wages and other damages.

158.    Plaintiff Weber is also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate relief.

## <u>COUNT XIII</u>

**DEFENDENTS VIOLATIED THE ILLINOIS MINIMUM WAGE LAW (820 ILCS §§105 et seq.) WHEN THEY FAILED TO PAY PLAINTIFF WEBER**

159.    Plaintiff Weber re-alleges and incorporates the foregoing paragraphs 1 through 45 and 150 through 158 as though fully set forth herein.

160.    Defendants violated IMWL, 820 ILCS §§105 et seq., by regularly and repeatedly failing to properly compensate Plaintiff Weber for the actual time he worked each week.

161.    Defendants violated IMWL, 820 ILCS §105 et seq., by failing to maintain accurate records of all hours worked by Plaintiff Weber.

162.    Defendants also failed to pay overtime pay and other benefits to Plaintiff Weber.

163.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Weber has suffered lost wages and other damages.

164.    Plaintiff Weber is also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief.

## COUNT XIV

**DEFENDANTS INTENTIONALLY FAILED TO PAY THE CORRECT REGULAR RATE OF PAY AND OVERTIME RATE OF PAY SO AS TO DEPRIVE PLAINITFF WEBER TO WAGES TO WHICH HE WAS LEGALLY ENTITLED IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, (29 U.S.C. 201 et seq.).**

165.    Plaintiff Weber re-alleges and incorporates the foregoing paragraphs 1 through 45 and 150 through 164 as though fully set forth herein.

166.    Plaintiff Weber asserts claims for unpaid overtime pursuant to 29 U.S.C. 201 et seq., commonly known as the Fair Labor Standards Act (hereinafter, "FLSA").

167.    Plaintiff Weber was responsible for performing work, on behalf of Defendants, for Comcast Cable (television, internet, and phone service) in Chicago and the surrounding suburbs and communities.

168.    Plaintiff Weber regularly worked in excess of forty (40) hours per week.

169.    Defendants failed to pay Plaintiff Weber at his regular rates of pay for all hours worked and/or one and one-half times his regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek as required by the FLSA. Defendants failure to

appropriately pay Plaintiff Weber for all hours worked in excess of 40 in a week is a violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

170.    Instead, Defendants paid Plaintiff Weber on a piece-rate basis without regard to the number of hours Plaintiff Weber worked during each workweek.   Defendants did this in violation of the FLSA 29 C.F.R. 778.111(a) (piece-rate workers entitled to overtime).

171.    At all times relevant hereto the action of Defendants to not pay premium pay for all hours worked over 40 in a week was willful in that among other things:

      a.  Defendants knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week;

      b.  Defendants intentional conduct is highlighted by their change in the manner in which employees were classified by changing them from subcontractors or independent contractors to employees; and

      c.  Defendants failed to maintain true and accurate records of all time worked by Plaintiff Weber.

172.    Defendants' illegal pattern or practice with respect to compensation, plus their failure to maintain accurate time records, as well as certain unlawful deductions made by them are all direct violations of the FLSA.

173.    Defendants can cite no exemption, which is their burden to do, for failing to pay Plaintiff Weber at his regular rates for all hours worked and at his proper overtime rate of time and one-half for all hours worked in excess of forty (40).

174.    Defendants have not made a good faith effort to comply with the FLSA.

175. Rather, Defendants knowingly, willfully, and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff Weber.

176. As a direct and proximate result thereof, Plaintiff Weber is due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. 216.

### PLAINITFF WEBER'S PRAYER FOR RELIEF AS IT RELATES TO WAGE AND HOUR CLAIMS

WHEREFORE, the Plaintiff Weber, by and through his attorneys, demand judgment against the Defendants and in favor of the Plaintiff Weber for a sum that will properly, adequately and completely compensate Plaintiff Weber for the nature, extent and duration of his damages, the costs of this action and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

 i. Violated provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq., by withholding wages for improper charges;

 ii. Violated overtime provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq., the Illinois Minimum Wage Law, 820 ILCS §105 et seq. by failing to pay overtime wages to Plaintiff Weber;

 iii. Willfully violated the Employee Classification Act, 820 ILCS 185/1 et seq., by treating Plaintiff and class members as independent contractors; and

 iv. Willfully violated overtime provisions of the Fair Labor Standards Act with regards to claims brought by Plaintiff Weber.

B. Award compensatory damages, including all overtime pay owed and wrongful deductions made, in an amount according to proof;

C. Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

D. Award liquidated damages on all overtime compensation due to Plaintiff Weber as pled in Count IV brought under the FLSA;

E. Award liquidated damages on the amount of wages, employment benefits and other compensation denied or lost by reason of the Employee Classification violation pursuant to 820 ILCS 185/60(1);

F. Award compensatory damages and an amount up to $500.00 for each violation of the Employee Classification Act pursuant to 820 ILCS 185/60(2);

G. Award all costs and reasonable attorney's fees incurred prosecuting this claim pursuant to the Illinois Minimum Wage Act, and the Illinois Employee Classification Act; and

H. For such further relief as the Court deems just and equitable.

## COUNT XV

### DEFENDANTS COMPENSATION PRACTICES INTENTIONALLY VIOLATED PLAINTIFF WEICHMANN'S RIGHTS AS PROVIDED BY THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT. (820 ILCS §§115 *et seq.*).

177. Plaintiff Weichmann re-alleges and incorporates the foregoing paragraphs 1 through 45 as though fully set forth herein.

178. From July, 2009, through June 2012, Plaintiff Robert Weichmann was employed by Defendants as an installer/technician.

179. Plaintiff Weichmann was responsible for performing work, on behalf of Defendants, for Comcast Cable (television, internet, and phone service) in Chicago and the surrounding suburbs and communities.

180. Plaintiff Weichmann regularly worked in excess of forty (40) hours per week.

181. Defendants violated the IWPCA when they improperly deducted wages from Plaintiff Weichmann's pay for improper charges, including but not limited to charges for equipment usage or rental, charge-backs for certain work being unable to be completed, uniforms, identification badges, and other similar improper deductions.

182. Defendants violated the IWPCA by regularly and repeatedly failing to properly compensate Plaintiff Weichmann for the actual time he worked each week.

183. Defendants also willfully failed to pay overtime pay and other benefits to the Plaintiff Weichmann.

184. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Weichmann has suffered lost wages and other damages.

185. Plaintiff Weichmann is also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate relief.

## COUNT XVI

### DEFENDENTS VIOLATIED THE ILLINOIS MINIMUM WAGE LAW (820 ILCS §§105 et seq.) WHEN THEY FAILED TO PAY PLAINTIFF WEICHMANN

186. Plaintiff Weichmann re-alleges and incorporates the foregoing paragraphs 1 through 45 and 177 through 185 as though fully set forth herein.

187. Defendants violated IMWL, 820 ILCS §§105 et seq., by regularly and repeatedly failing to properly compensate Plaintiff Weichmann for the actual time he worked each week.

188.    Defendants violated IMWL, 820 ILCS §105 et seq., by failing to maintain accurate records of all hours worked by Plaintiff Weichmann.

189.    Defendants also failed to pay overtime pay and other benefits to Plaintiff Weichmann.

190.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Weichmann has suffered lost wages and other damages.

191.    Plaintiff Weichmann is also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief.

## COUNT XVII

**DEFENDANTS INTENTIONALLY FAILED TO PAY THE CORRECT REGULAR RATE OF PAY AND OVERTIME RATE OF PAY SO AS TO DEPRIVE PLAINTIFF WEICHMANN TO WAGES TO WHICH HE WAS LEGALLY ENTITLED IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, (29 U.S.C. 201 et seq.).**

192.    Plaintiff Weichmann re-alleges and incorporates the foregoing paragraphs 1 through 45 and 177 through 191 as though fully set forth herein.

193.    Plaintiff Weichmann asserts claims for unpaid overtime pursuant to 29 U.S.C. 201 et seq., commonly known as the Fair Labor Standards Act (hereinafter, "FLSA").

194.    Plaintiff Weichmann was responsible for performing work, on behalf of Defendants, for Comcast Cable (television, internet, and phone service) in Chicago and the surrounding suburbs and communities.

195.    Plaintiff Weichmann regularly worked in excess of forty (40) hours per week.

196.     Defendants failed to pay Plaintiff Weichmann at his regular rates of pay for all hours worked and/or one and one-half times his regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek as required by the FLSA. Defendants failure to appropriately pay Plaintiff Weichmann for all hours worked in excess of 40 in a week is a violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

197.     Instead, Defendants paid Plaintiff Weichmann on a piece-rate basis without regard to the number of hours Plaintiff Weichmann worked during each workweek.  Defendants did this in violation of the FLSA 29 C.F.R. 778.111(a) (piece-rate workers entitled to overtime).

198.     At all times relevant hereto the action of Defendants to not pay premium pay for all hours worked over 40 in a week was willful in that among other things:

   a.  Defendants knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week;

   b.  Defendants intentional conduct is highlighted by their change in the manner in which employees were classified by changing them from subcontractors or independent contractors to employees; and

   c.  Defendants failed to maintain true and accurate records of all time worked by Plaintiff Weichmann.

199.     Defendants' illegal pattern or practice with respect to compensation, plus their failure to maintain accurate time records, as well as certain unlawful deductions made by them are all direct violations of the FLSA.

200.     Defendants can cite no exemption, which is their burden to do, for failing to pay Plaintiff Weichmann at his regular rates for all hours worked and at his proper overtime rate of time and one-half for all hours worked in excess of forty (40).

201.     Defendants have not made a good faith effort to comply with the FLSA.

202.     Rather, Defendants knowingly, willfully, and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff Weichmann.

203.     As a direct and proximate result thereof, Plaintiff Weichmann is due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. 216.

### PLAINITFF WEICHMANN'S PRAYER FOR RELIEF AS IT RELATES TO WAGE AND HOUR CLAIMS

WHEREFORE, the Plaintiff Weichmann, by and through his attorneys, demand judgment against the Defendants and in favor of the Plaintiff Weichmann for a sum that will properly, adequately and completely compensate Plaintiff Weichmann for the nature, extent and duration of his damages, the costs of this action and as follows:

A.  Declare and find that the Defendants committed one or more of the following acts:

    i.   Violated provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq., by withholding wages for improper charges;

    ii.  Violated overtime provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq., the Illinois Minimum Wage Law, 820 ILCS §105 et seq. by failing to pay overtime wages to Plaintiff Weichmann;

    iii. Willfully violated the Employee Classification Act, 820 ILCS 185/1 et seq., by treating Plaintiff and class members as independent contractors; and

    iv.  Willfully violated overtime provisions of the Fair Labor Standards Act with regards to claims brought by Plaintiff Weichmann.

B.  Award compensatory damages, including all overtime pay owed and wrongful deductions made, in an amount according to proof;

C.  Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

D.   Award liquidated damages on all overtime compensation due to Plaintiff Weichmann as pled in Count IV brought under the FLSA;

E.   Award liquidated damages on the amount of wages, employment benefits and other compensation denied or lost by reason of the Employee Classification violation pursuant to 820 ILCS 185/60(1);

F.   Award compensatory damages and an amount up to $500.00 for each violation of the Employee Classification Act pursuant to 820 ILCS 185/60(2);

G.   Award all costs and reasonable attorney's fees incurred prosecuting this claim pursuant to the Illinois Minimum Wage Act, and the Illinois Employee Classification Act; and

H.   For such further relief as the Court deems just and equitable.

## **COUNT XVIII**

**DEFENDANTS COMPENSATION PRACTICES INTENTIONALLY VIOLATED PLAINTIFF ZERVAS' RIGHTS AS PROVIDED BY THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT. (820 ILCS §§115 *et seq.*).**

204.   Plaintiff Zervas re-alleges and incorporates the foregoing paragraphs 1 through 45 as though fully set forth herein.

205.   From March 4, 2010, through the present, Plaintiff Zervas was employed by Defendants as an installer/technician.

206.   Plaintiff Zervas was responsible for performing work, on behalf of Defendants, for Comcast Cable (television, internet, and phone service) in Chicago and the surrounding suburbs and communities.

207.   Plaintiff Zervas regularly worked in excess of forty (40) hours per week.

208.   Defendants violated the IWPCA when they improperly deducted wages from Plaintiff Zervas' pay for improper charges, including but not limited to charges for equipment usage or rental, charge-backs for certain work being unable to be completed, uniforms, identification badges, and other similar improper deductions.

209.   Defendants violated the IWPCA by regularly and repeatedly failing to properly compensate Plaintiff Zervas for the actual time he worked each week.

210.   Defendants also willfully failed to pay overtime pay and other benefits to the Plaintiff Zervas.

211.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Zervas has suffered lost wages and other damages.

212.   Plaintiff Zervas is also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate relief.

## COUNT XIX

**DEFENDENTS VIOLATIED THE ILLINOIS MINIMUM WAGE LAW (820 ILCS §§105 et seq.) WHEN THEY FAILED TO PAY PLAINTIFF ZERVAS**

213.   Plaintiff Zervas re-alleges and incorporates the foregoing paragraphs 1 through 45 and 204 through 212 as though fully set forth herein.

214.   Defendants violated IMWL, 820 ILCS §§105 et seq., by regularly and repeatedly failing to properly compensate Plaintiff Zervas for the actual time he worked each week.

215.     Defendants violated IMWL, 820 ILCS §105 et seq., by failing to maintain accurate records of all hours worked by Plaintiff Zervas.

216.     Defendants also failed to pay overtime pay and other benefits to Plaintiff Zervas.

217.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Zervas has suffered lost wages and other damages.

218.     Plaintiff Zervas is also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief.

## COUNT XX

**DEFENDANTS INTENTIONALLY FAILED TO PAY THE CORRECT REGULAR RATE OF PAY AND OVERTIME RATE OF PAY SO AS TO DEPRIVE PLAINTIFF ZERVAS TO WAGES TO WHICH HE WAS LEGALLY ENTITLED IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, (29 U.S.C. 201 et seq.).**

219.     Plaintiff Zervas re-alleges and incorporates the foregoing paragraphs 1 through 45 and 204 through 218 as though fully set forth herein.

220.     Plaintiff Zervas asserts claims for unpaid overtime pursuant to 29 U.S.C. 201 et seq., commonly known as the Fair Labor Standards Act (hereinafter, "FLSA").

221.     Plaintiff Zervas was responsible for performing work, on behalf of Defendants, for Comcast Cable (television, internet, and phone service) in Chicago and the surrounding suburbs and communities.

222.     Plaintiff Zervas regularly worked in excess of forty (40) hours per week.

223.     Defendants failed to pay Plaintiff Zervas at his regular rates of pay for all hours worked and/or one and one-half times his regular rates of pay for hours worked in excess of forty (40)

hours per each seven (7) day workweek as required by the FLSA. Defendants failure to appropriately pay Plaintiff Zervas for all hours worked in excess of 40 in a week is a violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

224.    Instead, Defendants paid Plaintiff Zervas on a piece-rate basis without regard to the number of hours Zervas worked during each workweek.  Defendants did this in violation of the FLSA 29 C.F.R. 778.111(a) (piece-rate workers entitled to overtime).

225.    At all times relevant hereto the action of Defendants to not pay premium pay for all hours worked over 40 in a week was willful in that among other things:

> a.  Defendants knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week;
>
> b.  Defendants intentional conduct is highlighted by their change in the manner in which employees were classified by changing them from subcontractors or independent contractors to employees; and
>
> c.  Defendants failed to maintain true and accurate records of all time worked by Plaintiff Zervas.

226.    Defendants' illegal pattern or practice with respect to compensation, plus their failure to maintain accurate time records, as well as certain unlawful deductions made by them are all direct violations of the FLSA.

227.    Defendants can cite no exemption, which is their burden to do, for failing to pay Plaintiff Zervas at his regular rates for all hours worked and at his proper overtime rate of time and one-half for all hours worked in excess of forty (40).

228.    Defendants have not made a good faith effort to comply with the FLSA.

229.    Rather, Defendants knowingly, willfully, and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff Zervas.

230.    As a direct and proximate result thereof, Plaintiff Zervas is due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. 216.

### PLAINITFF ZERVAS' PRAYER FOR RELIEF AS IT RELATES TO WAGE AND HOUR CLAIMS

WHEREFORE, the Plaintiff Zervas, by and through his attorneys, demand judgment against the Defendants and in favor of the Plaintiff Zervas for a sum that will properly, adequately and completely compensate Plaintiff Zervas for the nature, extent and duration of his damages, the costs of this action and as follows:

I.   Declare and find that the Defendants committed one or more of the following acts:

    i.   Violated provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq., by withholding wages for improper charges;

    ii.   Violated overtime provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq., the Illinois Minimum Wage Law, 820 ILCS §105 et seq. by failing to pay overtime wages to Plaintiff Zervas;

    iii.   Willfully violated the Employee Classification Act, 820 ILCS 185/1 et seq., by treating Plaintiff and class members as independent contractors; and

    iv.   Willfully violated overtime provisions of the Fair Labor Standards Act with regards to claims brought by Plaintiff Zervas.

J.   Award compensatory damages, including all overtime pay owed and wrongful deductions made, in an amount according to proof;

K.   Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

L.  Award liquidated damages on all overtime compensation due to Plaintiff Zervas as pled in Count IV brought under the FLSA;

M.  Award liquidated damages on the amount of wages, employment benefits and other compensation denied or lost by reason of the Employee Classification violation pursuant to 820 ILCS 185/60(1);

N.  Award compensatory damages and an amount up to $500.00 for each violation of the Employee Classification Act pursuant to 820 ILCS 185/60(2);

O.  Award all costs and reasonable attorney's fees incurred prosecuting this claim pursuant to the Illinois Minimum Wage Act, and the Illinois Employee Classification Act; and

P.  For such further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Respectfully submitted,

By: /s/ Robert T. McCabe

Robert T. McCabe/ARDC #6298551
Tiffany Nelson-Jaworski/ARDC #6278126
Margaret Kostopulos/ARDC #6188284
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603
(312) 782-7606
(312) 782-0943 Fax