# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA DYAL, CHRISTOPHER POPP, | ) | |
| JASON PANICO, RICHARD WEBER, | ) | |
| ROBERT WEICHMANN, DEAN ZERVAS, | ) | |
| AND MARCOS CAMPOS, | ) | |
| | ) | |
| *Plaintiffs*, | ) | No. 12 C 9687 |
| | ) | |
| vs. | ) | Judge Thomas M. Durkin |
| | ) | |
| PIRTANO CONSTRUCTION, INC., | ) | |
| INSTALLATION PROFESSIONALS, L.L.C., | ) | |
| MIKE PIRAINO, JOE PANTANO, JACK HORN, AND | ) | |
| MIKE MOREAU, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants PirTano Construction, Inc., Installation Professionals, LLC, Jack Horn, Mike Piraino, and Joseph Pantano ask this Court to reconsider its March 27, 2018 Memorandum Opinion and Order denying their summary judgment motion. *See Dyal v. PirTano Constr., Inc.*, 2018 WL 1508487 (N.D. Ill. Mar. 27, 2018). The Court assumes familiarity with that decision. For the reasons set forth below, the Court denies Defendants' motion to reconsider.

### DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). They are proper where the court "has patently misunderstood a party, or has made a decision outside the

adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Motions for reconsideration are not, however, "appropriate vehicle[s] for relitigating arguments that the Court previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration." *Caine v. Burge*, 897 F. Supp. 2d 714, 717 (N.D. Ill. 2012) (citing *Caisse*, 90 F.3d at 1270).

In the opinion denying Defendants' summary judgment motion, the Court held that there was a genuine issue of material fact as to whether Plaintiffs were given performance-based incentives that decoupled hours worked from wages. Because of that dispute of material fact, the Court found that Defendants had not met their burden of showing that more than half of Plaintiffs' pay was commission based, precluding the application of the Section 7(i) exemption of the FLSA. R. 146 at 22-26.

Defendants now argue the Court "misapprehended" their arguments and the facts in denying their summary judgment motion. R. 164 at 3. To support their argument, Defendants merely point to facts that were in the record on summary judgment and on which the Court expressly relied. Disagreement with the Court's decision is not an appropriate basis for reconsideration. *See In re Abbott Depakote S'holder Derivative Litig.*, 2013 WL 4953686, at *4 (N.D. Ill. Sept. 12, 2013) ("The Court's Order is not a brief that is subject to refutation and it is inappropriate for the Defendants to file a motion for reconsideration merely because they disagree with the Court."). The Court already found Defendants' facts and arguments insufficient to

meet its burden on summary judgment. Rehashing arguments the Court previously considered and rejected is not a basis for reconsideration. The motion is denied for that reason.

In any event, Defendants' motion is unpersuasive. As the Court explained in its summary judgment motion, the FLSA requires that employees be paid one and one-half times their hourly wage for every hour worked in excess of forty hours per work-week. *See* 29 U.S.C. § 207(a)(1). But (along with other factors not relevant here) if more than half of the employees' compensation represents commissions, employers are exempted from complying with the overtime requirements. *Id.*

In this case, the Court held that there was a genuine dispute of material fact as to whether Plaintiffs were paid on a commission system. The Court focused on the parties' disputes regarding how employees could utilize their downtime. R. 146 at 22-25. Defendants argued (and re-argue here) that Plaintiffs could seek out other assignments, help other technicians and split the pay, or go home and relax, indicating their work was commission-based. Plaintiffs disputed those contentions, and instead argued that they were often required to sit and wait for the next job—at times for several hours—without pay. The Court found that these competing facts created a genuine dispute of fact as to whether Plaintiffs truly worked on a commission-based system.

Defendants now point to previously-cited statements of fact and deposition testimony, contending they represent admissions by Plaintiffs that employees could pick up additional work and get paid more by working more efficiently. Plaintiff

3

Weichmann's deposition testimony is representative of the parties' dispute. In the following excerpt, Weichmann reflects on a conversation he had with his supervisors regarding the hours he worked:

Q: Now I want to get into the conversation. What did you say to them?

A: You just want me to pick an occasion and kind of use that one? I can't tell you what day it happened, or the time frame it happened, or which supervisor it might have been with, but it was along the lines of:

"Hey, I threw a 5:00 to 7:00 on your route, a 5:00 to 7:00 appointment time frame."

"Okay. Well it is 2 o'clock right now, and I have nothing to do."

"Well, sorry. I mean, we need this done. You are the only guy out there."

Then I would say something along the lines of: "I'm not getting paid to sit here."

He is like: "Dude, it is the nature of the beast."

You know, it was always the same thing: "You are in the industry."

R. 107-14, Weichmann Dep. at 75:1-10; *see also id.* at 77:12-22 and 78:5-9 ("Q: So what's the harm in adding a 5:00 to 7:00? A: Because I would be sitting for three hours, not being paid, waiting. Q: Why would you be sitting? A: Because if there was nothing going on, I'm done with that. I have no more appointments. If nobody needs help in my area, then I'm sitting. Q: So if nobody needs help, then you are done? A: No, I have to go to the 5:00 to 7:00. . . . Q: Well, I'm not seeing the harm in having the 5:00 to 7:00. You already are going to be picking up other work? A: I don't think I'm going to be picking up other work in between there.").

4

Defendants argue this testimony proves that Plaintiffs could pick up additional work. But as the Court explained in its summary judgment opinion, this testimony instead creates a disputed issue of fact as to whether Plaintiffs were paid on a commission-based system. Weichmann explains that Plaintiffs often had to sit for hours because there was no work to do. Under this system, Plaintiffs were not incentivized to work more efficiently. Instead, working efficiently meant risking several hours of downtime without the ability to go home, only to receive a job assignment in the late evening, resulting in long days with little pay. Defendants also argue that the size of the incentive is immaterial as long as it exists. R. 178 at 2. The Court does not agree—the FLSA overtime requirements cannot be evaded simply by providing Plaintiffs some minor incentives and then calling their pay commission-based.

The structure at issue here is particularly concerning when viewed in conjunction with the excessive number of hours worked by Plaintiffs each year (well above the 2000-hour threshold discussed by the Seventh Circuit). These concerns cause the Court to question whether the compensation structure used by Defendants furthers the purpose of the FLSA regarding the overtime pay requirements. As the Seventh Circuit explained, exemptions from the FLSA's minimum wage requirements "should not be interpreted so broadly that [they] render[] the statutory remedy ineffectual or easily evaded," and any close calls should be resolved against applying the exemption. *Yi v. Sterling Collision Ctrs.,* 480 F.3d 505, 508 (7th Cir. 2007).

At bottom, Defendants have not shown as a matter of law that the compensation structure at issue here is commission-based. As a result, the Court's summary judgment order stands, and Defendants' motion to reconsider is denied.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to reconsider (R. 164).

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: October 10, 2018